OPINION
 

 ADELE HEDGES, Chief Justice.
 

 Appellant Eladio Camacho Navarro brings this appeal from his conviction for the capital murder of his eight-month-old daughter, Nayeli Navarro. Appellant brings two points of error for our review: whether the trial court erred in admitting extraneous acts in violation of Rules of Evidence 403 and 404(b) and whether appellant received ineffective assistance of counsel. We affirm.
 

 
 *783
 
 Background
 

 Late in the evening on Christmas Eve of 2002, appellant returned home after a night of drinking to find his common-law wife, Alma Mosqueda, asleep at her house with their eight-month-old daughter, Nayeli Navarro. Suspicious that his wife was having an affair with his brother, appellant screamed at her, pulling her hair and throwing her on the bed. Mosqueda told appellant to leave the house, which he did. Mosqueda then threw appellant’s clothes on the front porch. Early Christmas morning, appellant returned, still drunk and belligerent. Again, he screamed at her and pulled her by the ham, yelling at her to pick up his clothes. She did, but refused to put them back on hangers. Appellant then told her, “You have to do it, even if I have to kill you. I’ll take the baby to Mexico.” Appellant continued to threaten Mosqueda, drawing his gun and pointing it at her. Mosqueda picked up her baby to shield her from appellant, who feed the gun. A single bullet struck Nayeli, traveling through her left arm, one of her lungs, and her heart. She died instantly.
 

 Realizing that the shot had struck his daughter, appellant yelled, “No, not my baby,” and took her body from Mosqueda, who dialed 911. Appellant then fled the scene. He was later arrested and charged with Nayeli’s death.
 

 Extraneous Offenses
 

 In his first point of error, appellant contends the trial court erred in allowing the State to introduce evidence of his prior verbal and physical abuse of Mosqueda. Appellant argues that the evidence is inadmissible under Rules 403 and 404(b) of the Texas Rules of Evidence in that the admission of this evidence was for no other purpose than to prove action in conformity with bad character. We disagree.
 

 In prosecutions for murder, Article 38.36 of the Code of Criminal Procedure provides in relevant part as follows:
 

 In all prosecutions for murder, the state or the defendant shall be permitted to offer testimony as to all relevant facts and circumstances surrounding the killing and the previous relationship existing between the accused and the deceased, together with all relevant facts and circumstances going to show the condition of the mind of the accused at the time of the offense.
 

 TexCode CRiM. PROC. Ann. art. 38.36(a) (Vernon 2003). In
 
 Smith v. State,
 
 the Court of Criminal Appeals held that evidence admissible under Article 38.36 must still meet the requirements of Rules 403 and 404(b). 5 S.W.3d 673, 679 (Tex.Crim.App.1999).
 

 Evidence of an extraneous offense may be admitted if it has relevance apart from its tendency to prove the character of a person in order to show that he acted in conformity therewith.
 
 See
 
 Tex.R. Evid. 404(b). Such evidence has relevance apart from character conformity when it tends to establish some elemental fact, such as proof of motive, intent, plan, or absence of mistake or accident.
 
 Id.; see also Montgomery v. State,
 
 810 S.W.2d 372, 387-88 (Tex.Crim.App.1990);
 
 Aitch v. State,
 
 879 S.W.2d 167, 174 (Tex.App.-Houston [14th Dist.] 1994, pet. ref'd). Although relevant, such evidence may be excluded under Rule 403 if its probative value is substantially outweighed by the danger of unfair prejudice.
 
 See
 
 Tex.R. Evid. 403. This analysis is to be conducted by the trial judge in light of the unique facts and circumstances of each case, and will not be disturbed on appeal unless it is outside the zone of reasonable disagreement. See
 
 Montgomery, 810
 
 S.W.2d at 391.
 

 The State pursued a capital murder prosecution against appellant under the
 
 *784
 
 theory of transferred intent, in which a person can be criminally responsible for his action if the only difference between what he desired and what actually occurred was that a different person 'was injured, harmed, or otherwise affected. Tex. Pen.Code Ann. § 6.04(b)(2) (Vernon 2003). Prior to trial and pursuant to the requirements of Rule 404(b), the State notified appellant that it intended to use extraneous offenses committed by appellant against Mosqueda. These extraneous offenses were instances in which appellant hit, choked, or otherwise physically abused Mosqueda, including one in September of 2002 in which appellant pulled a gun on Mosqueda, shoved the gun into her stomach with enough force to bruise her, and threatened to kill her. At trial, the court allowed direct testimony regarding the September incident and other general questions about times when appellant threatened to kill Mosqueda if she called the police. In the jury charge, the court instructed the jury that it could consider the admitted evidence only to determine “the motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident of the defendant, if any, in connection with the offense, if any, alleged against him in the indictment and for no other purpose.” During closing arguments, appellant’s attorney argued the killing was unintentional and asked the jury for a conviction on the lesser crime of manslaughter.
 

 Appellant argues that 38.36 should not apply in this case since the evidence regarded his relationship with Mosqueda and not Nayeli, his victim. Appellant also argues that the evidence showed only that appellant was a “bad person” or a “mean drunk” and had no relevance apart from proving his bad character. With this argument we do not agree.
 

 In
 
 Dixon v. State,
 
 the defendant, arguing self-defense, offered evidence regarding his altercation with his
 
 intended
 
 victim. 634 S.W.2d 855 (Tex.Crim.App.1982). The trial court excluded the evidence on the grounds that former Penal Code Section 19.06
 
 [1]
 
 applied only to the relationship between the accused and the deceased. In its reversal of the trial court’s ruling, the Court of Criminal Appeals said that “[w]e perceive no reason why the foregoing rule does not apply to acts of the intended victim as well as to the deceased.” 634 S.W.2d at 857. Although the decision in
 
 Dixon
 
 referred to evidence offered by the defendant, we believe Article 38.36 applies to evidence offered by the State as well. Given the fact that the. State pursued a capital murder conviction based on the theory of transferred intent, the evidence of the previous bad acts was therefore admissible under Article 38.36.
 

 We also find the evidence admissible under Rule 404(b) to prove both appellant’s intent to kill and absence of mistake in attempting to kill Mosqueda, his intended victim. Because appellant’s intent was at issue, the probative value of appellant’s prior bad acts thus outweighs the danger of unfair prejudice. The evidence therefore meets the requirements of Rule 403. Appellant’s first point of error is overruled.
 

 Ineffective Assistance of Counsel
 

 In his second point of error, appellant argues that the actions of his counsel, specifically, his counsel’s failure to cross examine certain witnesses, to cross-examine other witnesses more in-depth, to bring witnesses in appellant’s defense or to pres
 
 *785
 
 ent any defensive theory at all, and to object to inadmissible hearsay all constituted ineffective assistance of counsel. We disagree.
 

 The Sixth Amendment
 
 to the
 
 United States Constitution guarantees the right to reasonably effective assistance of counsel in criminal prosecutions. U.S. CONST. amend. VI;
 
 McMann v. Richardson,
 
 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). To prove a claim of ineffective assistance, an appellant must prove, by a preponderance of the evidence, that his attorney’s representation was deficient in that it fell below the objective standard of professional norms; furthermore, an appellant must prove that a reasonable probability exists that, but for the counsel’s deficiency, the outcome of the trial would have differed.
 
 Strickland v. Washington,
 
 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984);
 
 Bone v. State,
 
 77 S.W.3d 828, 833 (Tex.Crim.App.2002);
 
 Thompson v. State,
 
 9 S.W.3d 808, 812 (Tex.Crim.App.1999).
 

 Our review of defense counsel’s representation must be highly deferential, presuming that appellant’s counsel’s actions fell within the wide range of reasonable and professional assistance.
 
 Bone,
 
 77 S.W.3d at 833;
 
 Tong v. State,
 
 25 S.W.3d 707, 712 (Tex.Crim.App.2000). Accordingly, to establish deficient performance, a defendant must not only show that his trial counsel’s performance fell below an objective standard of reasonableness but also must rebut the presumption that his trial counsel’s decisions were based on sound trial strategy.
 
 See Strickland,
 
 466 U.S. at 689, 104 S.Ct. 2052. A finding of ineffectiveness cannot be supported by second-guessing the strategy of trial counsel through hindsight or by the fact that another attorney might have pursued a different course.
 
 Blott v. State,
 
 588 S.W.2d 588, 592 (Tex.Crim.App.1979);
 
 see also Sessums v. State,
 
 129 S.W.3d 242, 246 (Tex.App.-Texarkana 2004, pet ref'd).
 

 As to appellant’s allegations that the failure of his counsel to cross-examine witnesses or present a defensive theory constituted ineffective assistance of counsel, we find that the attorney’s conduct did not fall below an objective standard of professional norms. Given an emotional and tragic case such as this, it is entirely reasonable or foreseeable that a defense attorney would limit his cross-examination out of fear of alienating a jury or coming across as too aggressive. We decline to second-guess appellant’s trial counsel’s strategy or inquire as to whether another attorney would have pursued a different course.
 
 Blott,
 
 588 S.W.2d at 592. Appellant therefore fails to meet Strickland’s first prong in his argument concerning his attorney’s failure to cross-examine or mount a defensive strategy.
 
 Strickland,
 
 466 U.S. at 687, 104 S.Ct. 2052.
 

 Appellant’s allegations that his attorney’s failure to object to inadmissible hearsay constitutes ineffective assistance also fail to meet the
 
 Strickland
 
 test. Appellant argues that testimony offered by one of the officers at the scene of the murder and by Mosqueda contained several instances of unobjected-to hearsay. An examination of the record raises a serious doubt as to whether the testimony constitutes objectionable hearsay at all under Texas Rules of Evidence 801 and 803. Even if the testimony did constitute hearsay, and appellant’s trial counsel’s failure to object to the testimony did meet the first prong of
 
 Strickland,
 
 appellant cannot show that this failure to object raises the reasonable probability that, had the attorney objected, the outcome would have differed.
 
 Id.
 
 Appellant’s second point of error is therefore overruled.
 

 
 *786
 
 We affirm the judgment of the trial court.
 

 [1]
 

 . Except for the fact that former Texas Penal Code Section 19.06 applied to prosecutions for manslaughter as well as murder, the rule was identical to its current form as Article 38.36.
 
 See Smith,
 
 5 S.W.3d at 677.