Affirmed and Memorandum Opinion filed August 4, 2005









Affirmed and Memorandum Opinion
filed August 4, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00246-CR

_______________

 

QUINCY LAMON MOORE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

____________________________________________________

 

On Appeal from the 182nd District Court

Harris County, Texas

Trial Court Cause No. 901,187

____________________________________________________

 

M E M O R A N D
U M   O P I N I O N

Appellant, Quincy Lamon Moore, appeals a conviction for
aggravated robbery.  In five issues,
appellant contends: (1) the evidence is legally and factually insufficient to
support his conviction, (2) the trial court erred by refusing to instruct
the jury on a lesser included offense, (3) the trial court erred by admitting
evidence of an extraneous offense, (4) the trial court erred by admitting
evidence under the excited utterance exception to the hearsay rule, and (5) the
trial court erred by admitting evidence of a weapon similar to the one used to
commit the offense.  We affirm.

 








I.  Factual Background

On January 31, 2002, complainant Enrique Morales went to the
car wash after dropping his daughter off at school.  While he was drying his car, he saw a second
car pull up next to him.  Appellant got
out of this car, and approached Morales with a gun, yelling at Morales to Aget on the floor.@ 
When Morales failed to comply, appellant hit him over the head with the
gun.  Morales ran backwards, and
appellant pursued him and shot him in the abdominal area.  Morales then heard a second shot and saw
appellant=s car leave the car wash.

Because the fire station is less than a block from the car
wash, the paramedics were able to arrive within minutes and began to evaluate
Morales= gunshot.  While the paramedics were tending Morales,
the first police officer, Officer Gwen Manuel, arrived.  Officer Manuel testified that it took her
approximately four minutes to arrive at the scene after receiving the
call.  She spoke briefly to Morales, who
explained that appellant came up to him and wanted some money, but that he didn=t have any money, so appellant ran
after him and shot him.  At trial,
Morales further stated that, because he was in Asevere pain@ at the time of this conversation, he
did not want to talk and was not able to give the police much information.

A second officer, Officer Draycott, arrived at the scene and
was able to view a security videotape from the car wash.[1]  Officer Draycott testified that the videotape
showed appellant drawing his weapon and pursuing Morales out of the car wash
with his weapon drawn.  Officer Draycott
further testified that the videotape also showed appellant come back to the car
wash, enter another car wash bay, and repeat the same process with a second
victim.  Officer Draycott also observed
that appellant picked something up off of the ground after chasing his second
victim and ran back to his car before exiting the car wash.








Police officers in the area soon spotted appellant in the
vehicle recorded on the security tape. 
When the officers began following appellant=s car, appellant fled.  The ensuing chase resulted in an accident
with one of the police cars, and culminated in a second accident, which caused
appellant to leave his car and try to escape on foot.  Appellant scaled a fence and tried to force
his way into a nearby apartment complex, where he was apprehended and arrested
by police.  

Appellant was eventually taken to the Houston downtown
jail.  After being processed, around 5:45
p.m. that afternoon, he was interviewed by police, and this interview was videotaped.  The videotape was admitted into evidence at
trial.  On the videotape, after being
read his rights, appellant discussed his activities at the car wash with a
police officer.  Among other things,
appellant admitted that he was carrying a gun when he pulled into the car wash,
and that he fired two shots with this gun, one shot each at two different
victims.  When asked what he said to the
first man he approached, appellant responded that he was communicating with his
Abody language,@ and that he expected the man to Athrow me his wallet,@ like on television.  With respect to the second man that he shot,
appellant admitted that the man gave him Aa five@ and a couple Aof ones.@

This and other evidence was submitted to the jury, which
found that appellant was guilty of aggravated robbery.

II.  Challenges to Legal and Factual Sufficiency

In his first issue, appellant contends the evidence is
legally and factually insufficient to support his aggravated robbery conviction.  Appellant claims that there was insufficient
evidence that he acted in the course of committing a theft, primarily because
there was no evidence that appellant orally demanded property, or actually
removed any property, from complainant.








In reviewing the legal sufficiency of the evidence, we
evaluate the evidence in the light most favorable to the verdict to Adetermine whether any rational trier
of fact could have found the essential elements of the offense beyond a
reasonable doubt.@  King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000) (quoting Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)).  This standard does not permit us to re-weigh
the evidence to substitute our judgment for that of the jury.  Id.

In reviewing the factual sufficiency of the evidence, we
consider all of the evidence in a neutral light to determine whether a jury was
rationally justified in finding guilt beyond a reasonable doubt.  Zuniga v. State, 144 S.W.3d 477, 484
(Tex. Crim. App. 2004).  Evidence may be
factually insufficient in one of two ways. 
First, evidence supporting the verdict may be too weak to support the finding
of guilt beyond a reasonable doubt.  Id.  Second, evidence contrary to the verdict may
be strong enough that the beyond-a-reasonable-doubt standard could not have
been met.  Id. at 485.  

A conviction for aggravated robbery requires a showing,
beyond a reasonable doubt, that a person, while in the course of committing
theft of property, with intent to obtain and maintain control of property,
intentionally and knowingly threatens or places another person in fear of
imminent bodily injury and death.  Tex. Pen. Code Ann. '' 29.02 & 29.03 (Vernon
2003).  There must also be proof that a
deadly weapon was used or exhibited during the course of the offense.  Id. 








Applying these standards, we find that the evidence was both
legally and factually sufficient to support the conviction for aggravated
robbery.  It is well-established under
Texas law that the actual commission of a theft is not a prerequisite to the
commission of robbery.  Autry v. State,
626 S.W.2d 758, 762 (Tex. Crim. App. 1982); Johnson v. State, 541 S.W.2d
185, 186B87 (Tex. Crim. App. 1976).  Instead, Athe intent to steal can be inferred
from an appellant=s actions or conduct.@ 
King v. State, 157 S.W.3d 873, 874 (Tex. App.CHouston [14th Dist.] 2005, pet.
filed) (holding evidence both legally and factually sufficient to support
aggravated robbery conviction under similar circumstances); Chastain v.
State, 667 S.W.2d 791, 795 (Tex. App.CHouston [14th Dist.] 1983, pet. ref=d). 
As this Court noted in King, in each of these cases, Athe appellate courts held that the
evidence was sufficient to convict the appellants of aggravated robbery based
on overall circumstances, despite the fact that there was no evidence of a
demand being made.@  King, 157
S.W.3d at 874.

This case is not materially different.  Here, there was ample evidence to support a
finding that appellant acted in the course of committing a theft, with the
intent to obtain and maintain control of Morales= property.  Appellant and Morales did not have any sort
of prior relationship.  Nevertheless,
while Morales was washing his car early one morning, appellant approached
Morales with his gun drawn, yelled at him to get Aon the floor,@ then hit him over the head with the
gun.  When Morales ran instead of complying
with appellant=s demand, appellant shot him.  Appellant thereafter ran back to the car
wash, robbed a second person, and fired another shot before jumping into his
car and driving away.  While being tended
by the paramedics, Morales told a police officer that appellant had tried to
rob him.  Appellant himself, in a
confession taped later that day, admitted that, when he pointed the gun at
Morales, he was communicating with his body language and expected Morales to
throw his wallet.  Applying the standards
for a legal sufficiency challenge, this evidence makes clear that a rational
trier of fact could have found the essential elements of the offense beyond a
reasonable doubt.  See id. at
875.  Therefore, we conclude that the
evidence is legally sufficient to support appellant=s conviction.

We also conclude that the evidence is factually sufficient to
support appellant=s conviction. 
Reviewing the evidence neutrally under Zuniga, 144 S.W.3d at 484B85, we find that the evidence of
guilt is not too weak to support the verdict beyond a reasonable doubt, and
that the contrary evidence is not so strong that the reasonable doubt standard
could not have been met.  See id.  Accordingly, we overrule appellant=s first issue.








III.  Challenge to Refusal to Instruct on a Lesser
Included Offense

In his third issue, appellant contends that the trial court
erred in refusing to instruct the jury on the lesser included offense of
attempted robbery.  Recasting his
arguments about evidentiary sufficiency, appellant argues that the trial court
should have submitted the attempted robbery instruction given questions about
whether he actually intended to steal anything from Morales. 

A two pronged test applies to determine whether a defendant
is entitled to a lesser included offense instruction: (1) the lesser included
offense must be included within the proof necessary to establish the offense
charged; and (2) some evidence must exist in the record that would permit a
jury to rationally find that if the defendant is guilty, he is guilty only of
the lesser included offense.  See
Aguilar v. State, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985); Rosseau v.
State, 855 S.W.2d 666, 672B73 (Tex. Crim. App. 1993). 

Here, only the second prong of the test is at issue,[2]
and the question is whether the jury could have rationally found appellant
guilty only of attempted robbery. 
See Feldman v. State, 71 S.W.3d 738, 750B51 (Tex. Crim. App. 2002).  This requirement may be satisfied if the
evidence either affirmatively refutes or negates an element establishing the
greater offense, or the evidence is subject to two different interpretations,
one of which negates or rebuts an element of the greater offense.  Hendrix v. State, 150 S.W.3d 839, 850
(Tex. App.CHouston [14th Dist.] 2004, pet. ref=d) (quoting Schweinle v. State,
915 S.W.2d 17, 19 (Tex. Crim. App. 1996)). 
In examining the evidence, we Amay not consider whether the evidence
is credible, controverted, or in conflict with other evidence.@ 
Id. 








After reviewing the record, we conclude that the evidence in
this case would not have permitted the jury to rationally find appellant guilty
only of attempted robbery.  As discussed
in the previous section, the evidence supports the aggravated robbery
conviction, and appellant points to no evidence that affirmatively refutes or
negates any element of that offense. 
Moreover, examining all of the evidence in the record, there is no
differing interpretation of the evidence which would permit a rational finding
that appellant is guilty only of attempted robbery.  Appellant=s taped confession conclusively
establishes that appellant intended to rob Morales when he pointed the gun at
him, chased him, and ultimately shot him, and Morales himself told the first
officer on the scene that appellant wanted his money.  Nothing in the record provides a basis for
disbelieving these statements in order to support a lesser included finding of
attempted robbery.  See, e.g., Hanson
v. State, 55 S.W.3d 681, 699 (Tex. App.CAustin 2001, pet. ref=d) (ABecause the evidence would not allow
a rational finding that, if guilty, appellant was guilty only of conspiracy to
commit robbery, a jury instruction on the lesser included offense was not
warranted.@). 
Accordingly, we overrule appellant=s third issue.

IV.  Evidentiary Challenges

In his second, fourth and fifth issues, appellant challenges
the trial court=s evidentiary rulings. 
Specifically, he contends that the trial court erred by: (1) admitting
evidence of an extraneous offense, (2) admitting evidence under the excited
utterance exception to the hearsay rule, and (3) admitting evidence of a
photograph of a weapon similar to the one used to commit the offense.








Trial court rulings on the admission of evidence are reviewed
for an abuse of discretion.  Weatherred
v. State, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).  Under this standard, we are limited to
determining whether the record supports the trial court=s ruling.  Coffin v. State, 885 S.W.2d 140, 149
(Tex. Crim. App. 1994).  We may only
reverse when Athe trial judge=s decision was so clearly wrong as to
lie outside that zone within which reasonable persons might disagree.@ 
Zuliani v. State, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003)
(quoting Cantu v. State, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992)). 

A.        Admission of
an Extraneous Offense

In his second issue, appellant argues that the trial court
erred in admitting evidence of the fact that appellant also robbed a second car
wash patron at gun point.  Appellant
contends that this evidence was inadmissible under Texas Rule of Evidence
404(b) because it tended to prove he acted in conformity with the other crime
when he pointed a gun at Morales. 
Appellant also contends that the admission of this evidence was unduly
prejudicial under Texas Rule of Evidence 403.[3]

AEvidence of other crimes, wrongs or
acts is not admissible to prove the character of a person in order to show
action in conformity therewith.@  Tex. R. Evid. 404(b). Such evidence
may, however, be admissible for other purposes, Asuch as proof of motive, opportunity,
intent, preparation, plan, knowledge, identity, or absence of mistake or accident.@ 
Id.; see also Feldman, 71 S.W.3d at 754.  The proponent of such evidence must satisfy
the trial court that the extraneous act has relevance apart from its tendency
to prove character conformity.  Feldman,
71 S.W.3d at 754.  If he does so, then
the trial court has discretion to admit the evidence.  Id.








The record reveals that the State proved the evidence of
appellant=s other crime was relevant for
purposes other than any tendency to prove appellant=s character or action in conformity
therewith.  The other crime was
particularly relevant to appellant=s intent to rob Morales, a fact disputed
at trial, which appellant continues to challenge on appeal.  In addition, evidence of the other crime,
which occurred just minutes after the crime for which appellant was being
tried, showed the absence of any mistake by appellant.  Proof of this sort is expressly contemplated
by the language of Rule 404(b), and considering the evidence for these purposes
was not error.  See Navarro v. State,
154 S.W.3d 795, 798 (Tex. App.CHouston [14th Dist.] 2004, pet. ref=d) (holding evidence admissible under
Rule 404(b) to prove both appellant=s intent to kill and absence of
mistake in attempting to kill his intended victim).  

Moreover, the trial court did not err in concluding that this
evidence was admissible under Texas Rule of Evidence 403.  AWhile the trial court may decide that
the evidence is admissible under Rule 404(b), it may nevertheless exclude that
evidence if it determines that the probative value of the extraneous act
evidence is substantially outweighed by unfair prejudice.@ 
Feldman, 71 S.W.3d at 754. 
Evidence is unfairly prejudicial only Aif it inflames and prejudices the
jury to the point that it creates an undue tendency to suggest a verdict on an
improper basis, such as an emotional basis.@ 
See Soto v. State, 156 S.W.3d 131, 136 (Tex. App.CFort Worth 2005, pet. ref=d) (listing factors that courts may
consider in determining the admissibility of evidence of other crimes).  

In this case, because appellant contested his intent to
steal, evidence of appellant=s other crime was highly probative of a disputed issue.  Accordingly, it was not error for the trial
court to conclude that the probative value of this evidence was not substantially
outweighed by the danger of unfair prejudice. 
See, e.g., Navarro, 154 S.W.3d at 798 (ABecause appellant=s intent was at issue, the probative
value of appellant=s prior bad acts thus outweighs the danger of unfair
prejudice.@). 
We overrule appellant=s second issue.








B.        Admission of an Excited Utterance

In his fifth issue, appellant
contends that the trial court erred in admitting Morales= out-of-court statement to Officer
Manuel that appellant tried to take his money. 
Appellant argues that this statement is not an excited utterance because
the statement was not made during the event in question, and a significant
amount of time had passed before the statement was made.[4]

Excited utterances, or statements Arelating to a startling event or
condition made while the declarant was under the stress of excitement caused by
the event or condition,@ are excepted from the hearsay rule.  Tex.
R. Evid. 803(2).  This hearsay
exception is based on the belief that a statement made as a result of a
startling event or condition is involuntary and does not allow a declarant an
adequate opportunity to fabricate, thereby insuring the trustworthiness of the
statement.  Couchman v. State, 3
S.W.3d 155, 159 (Tex. App.CFort Worth 1999, pet. ref=d).

To qualify as an excited utterance, a statement must: (1) be
the product of a startling event, (2) be made while the declarant is dominated
by the emotion, excitement, fear, or pain of the event, and (3) relate to the
circumstances of the startling event.  Ross
v. State, 154 S.W.3d 804, 808 (Tex. App.CHouston [14th Dist.] 2004, pet.
filed).  The critical factor is whether
the emotions, excitement, fear, or pain of the event still dominated the
declarant at the time of the statement.  Zuliani,
97 S.W.3d at 596.








Here, the record supports the trial court=s admission of this statement into
evidence. Morales expressly testified that he was in a fair amount of pain at
the time he made the statement to Officer Manuel.  The paramedics were assessing Morales= condition after he had been shot and
hit on the head with a gun.  In Morales= own words, at this time he Ahad a very severe pain,@ and Adidn=t want to talk.@ 
This testimony clearly establishes that Morales was still dominated by
the pain of the shooting when he made the statement.  See Zuliani, 97 S.W.3d at 596. 

In addition, the record shows that the statement occurred
only a short time after the shooting. 
Officer Manuel was the first officer on the scene, and she stated that
she arrived approximately four minutes after receiving a call about the
incident.  Although it is impossible to
tell exactly how many minutes had passed since appellant shot Morales, it is
clear from the record that the statement was likely made less than an hour
after the event in question occurred.  The
passage of this short time period clearly satisfies any time limitation on the
excited utterance exception.  See id.
(statements made twenty hours after event satisfied exception where declarant
remained scared and tired); Ross, 154 S.W.3d at 810 (statements made at
uncertain times, but Alikely no more than a few hours@ after the event, satisfied
exception).  The trial court did not err
in admitting this statement because it is admissible under the excited
utterance exception to the hearsay rule. 
Accordingly, we overrule appellant=s fifth issue.

C.        Admission of
Evidence of a Similar Weapon

In his fourth issue, appellant contends that the trial court
erred by admitting a picture of a firearm that was similar to the firearm used
in the offense.  A weapon similar to that
actually used in a crime may be admissible Aas an aid to the jury in interpreting
and understanding the oral testimony adduced at trial.@ 
Simmons v. State, 622 S.W.2d 111, 114 (Tex. Crim. App. 1981)
(approving admission, under an abuse of discretion standard, of a weapon that
is A>like,= >similar to,= >much the same,= >pretty much the same,= >more or less the same,= >something like,= >not unlike,= >comparable,= >resembles,= >closely resembles,= >close,= >same but not the exact one,= or described by the use of
comparable words or phrases@).  








In this case, the State used a photograph of a similar gun to
assist Morales with his testimony. Morales testified that the picture of the
gun was similar to the gun that he saw appellant with; the gun in the
photograph was the same color, the same shape, and looked like the gun
appellant shot him with.  Morales used the
picture to explain how appellant had handled the gun during the robbery.  The State offered the photograph of the
similar gun for demonstrative purposes. 
There was no error in allowing the State to use a photograph of a
similar gun for this demonstrative purpose. 
See Fletcher v. State, 902 S.W.2d 165, 167 (Tex. App.CHouston [1st Dist.] 1995, pet. ref=d).

Although the State offered the photo of the similar gun for
demonstrative purposes only, there seems to have been some confusion about the
purpose for which the photograph was ultimately admitted into evidence.  When appellant=s counsel sought to confirm that the
photograph was being admitted for demonstrative purposes only, the trial court
responded negatively, implying that the photograph was generally
admissible.  Assuming this confusion was
not merely a miscommunication, but amounted to error, it was harmless
error.  

Any improper admission of this evidence is governed by the
harm analysis applicable to non-constitutional error.  See Tex.
R. App. P. 44.2(b).  Conducting
this analysis, we will not overturn a criminal conviction if, after examining
the record as a whole, we have a fair assurance that the error did not
influence the jury, or had but a slight effect. 
Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App.
1998).  Here, there is no real
possibility that the photograph of the similar weapon had any real impact on
the jury.  Later in the trial, the State
admitted into evidence both the actual gun used in the offense, and a
photograph of the actual gun used in the offense.  Because the jury was shown the actual weapon
used in the offense, no error arose from the admission of a photograph of a
similar weapon.  See Brooks v. State,
990 S.W.2d 278, 287 (Tex. Crim. App. 1999) (holding that error in admitting
evidence was harmless due to admission of other evidence proving the same
fact).  Accordingly, we overrule
appellant=s fourth issue.








The judgment of the trial court is affirmed.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed August 4, 2005.

Panel consists of
Justices Edelman, Seymore, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  The security
videotape was admitted into evidence.





[2]  The State concedes
that the first prong of the test is satisfied because proof of attempted
robbery is within the proof necessary to establish aggravated robbery.





[3]  Without citing
authority, appellant also argues that the mention of a third, unrelated
shooting at another location was confusing to the jury.  Appellant has a duty to cite specific legal
authority and to provide legal argument based upon that authority under Tex. R. App. P. 38.1(h).  Rhoades v. State, 934 S.W.2d 113, 119
(Tex. Crim. App. 1996).  Appellant=s failure to cite to any relevant authority on this
point or to develop any argument as to why appellant believes that the mention
of a third, unrelated shooting confused the jury, waives the point on
appeal.  See Smith v. State,
683 S.W.2d 393, 410 (Tex. Crim. App. 1984).





[4]  Although the
trial court did not expressly rule that this statement was admissible as an
excited utterance, we must uphold the trial court=s
evidentiary ruling if it is reasonably supported by the record and is correct
under any theory of law applicable to the case. 
State v. Ross, 32 S.W.3d 853, 855B56 (Tex.
Crim. App. 2000).