Opinion filed January 25, 2007
















 
 
  
 
 







 
 
  
 
 




Opinion filed January 25, 2007

 

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00088-CR 

                                                    __________

 

                                   BALARAMA PERKINS, Appellant

                                                             V.

                                        STATE
OF TEXAS,
Appellee

 



 

                                          On
Appeal from the 35th District Court

                                                          Brown County, Texas

                                                 Trial
Court Cause No. CR16998

 



 

                                                                   O
P I N I O N

Balarama Perkins appeals his conviction by a jury
of the offense of sexual assault of a child younger than seventeen years of
age.  Tex.
Pen. Code Ann. '
22.011(a)(2)(A), (c)(1) (Vernon
Supp. 2006).  The jury assessed appellant=s punishment at fourteen years
confinement.  In a single point of error,
appellant argues that he received ineffective assistance of counsel at
trial.  We affirm.

                                                               Background
Facts








The State charged appellant with sexual assault of
a child under Section 22.011(a)(2)(A) of the Penal Code.  Section 22.011(a)(2)(A) provides that a
person commits the offense of sexual assault if the person intentionally or
knowingly causes the penetration of the anus or sexual organ of a child by any
means.  Section 22.011(c)(1) defines Achild@
as a person younger than seventeen years of age and who is not the spouse of
the actor.  In this cause, the indictment
alleged that appellant, on or about June 24, 2003, Aintentionally
or knowingly caused the penetration of the female sexual organ of [K.L.H.], a
child who was then and there younger than 17 years of age and not the spouse of
[appellant], by [appellant=s]
sexual organ.@

The evidence at trial showed that, at the time of
the conduct charged in the indictment, K.L.H. was fifteen years old and
appellant was twenty years old.  The
evidence also showed that K.L.H. was not the spouse of appellant.  K.L.H. testified that she and appellant had a
sexual relationship.  She said that,
during the months of May and June 2003, she and appellant had sexual
intercourse a total of eleven times. 
Appellant does not challenge the legal or factual sufficiency of the
evidence supporting his conviction.

                                                                  Issue
on Appeal

Appellant contends that his trial counsel rendered
ineffective assistance of counsel during the guilt/innocence phase of the trial
in two respects: (1) by failing to make an opening statement; and (2) by
failing to cross-examine K.L.H. 
Appellant did not raise his ineffective-assistance-of- counsel claim in
a motion for new trial.

                                              Ineffective-Assistance-of-Counsel
Claim








To determine whether appellant=s trial counsel rendered ineffective
assistance at trial, we must first determine whether appellant has shown that
counsel=s
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel=s
errors.  Wiggins v. Smith, 539 U.S. 510 (2003); Strickland v. Washington, 466 U.S.
668 (1984); Andrews v. State, 159 S.W.3d 98 (Tex. Crim. App. 2005); Thompson v. State,
9 S.W.3d 808 (Tex. Crim. App. 1999).  We
must indulge a strong presumption that counsel=s
conduct fell within the wide range of reasonable professional assistance; and
an appellant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy.  Strickland, 466 U.S. at 689; Tong v. State, 25 S.W.3d
707, 712 (Tex.
Crim. App. 2000).  A[C]ounsel is strongly presumed to have
rendered adequate assistance and made all significant decisions in the exercise
of reasonable professional judgment.@  Strickland, 466 U.S. at
690.  An allegation of ineffective
assistance must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.  Thompson, 9 S.W.3d at 814.  Under normal circumstances, the record on
direct appeal will not be sufficient to show that counsel=s representation was so deficient and
so lacking as to overcome the presumption that counsel=s
conduct was reasonable and professional. 
Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).  Rarely will the record on direct appeal
contain sufficient information to permit a reviewing court to fairly evaluate
the merits of such a serious allegation. 
Id.

At the conclusion of the State=s opening statement, appellant=s trial counsel indicated that he did
not want to make an opening statement at that time.  Because an opening statement provides the
State a preview of the defense=s
strategy, defense counsel may make a tactical decision not to make an opening
statement.  See Standerford v.
State, 928 S.W.2d 688, 697 (Tex. App.CFort
Worth 1996, no pet.).  Appellant concedes
in his brief that his trial counsel=s
decision not to make an opening statement at the conclusion of the State=s opening statement may be considered
reasonable trial strategy.

After the State rested, appellant=s trial counsel stated that he did not
wish to make an opening statement. 
Appellant then rested without calling any witnesses to the stand.  Appellant contends that his trial counsel=s failure to give an opening statement
after the close of the State=s
evidence constituted ineffective assistance of counsel.  Appellant=s
trial counsel may have made the decision not to make an opening statement
because he was not going to call any witnesses. 
However, the record is silent as to appellant=s
trial counsel=s trial
strategy, if any, in electing not to make an opening statement.  Appellant did not raise his
ineffective-assistance-of-counsel claim in a motion for new trial nor did he
present any evidence in support of his claim to the trial court.  When a record is silent as to trial counsel=s strategy, we Awill
not conclude the challenged conduct constituted deficient performance unless
the conduct was so outrageous that no competent attorney would have engaged in
it.@ 
Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).  The record does not establish that appellant=s trial counsel=s
decision not to make an opening statement was so outrageous that no competent
attorney would have engaged in it.








Appellant also contends that his trial counsel=s failure to cross-examine K.L.H.
constituted ineffective assistance of counsel. 
The decision not to cross-examine a witness is often the result of
wisdom acquired by experience in the combat of trial.  Miniel v. State, 831 S.W.2d 310, 324
(Tex. Crim. App. 1992); Coble v. State, 501 S.W.2d 344, 346 (Tex. Crim.
App. 1973); Dannhaus v. State, 928 S.W.2d 81, 88 (Tex. App.CHouston [14th Dist.] 1996, pet. ref=d); Matthews v. State, 830
S.W.2d 342, 347 (Tex. App.CHouston
[14th Dist.] 1992, no pet.).  The record
demonstrates that appellant=s
trial counsel thought he might alienate the jury if he cross-examined
K.L.H.  Appellant=s
trial counsel stated the following during closing argument:

I chose not to cross-examine [K.L.H.].  Nothing to be gained by that.  There is nothing that can be accomplished
other than, perhaps, alienating you in giving her a gruff and difficult
cross-examination.

 

A decision not to cross-examine a witness based on fear of
alienating a jury or coming across as too aggressive may be based on reasonable
trial strategy.  Navarro v. State,
154 S.W.3d 795, 799 (Tex. App.CHouston
[14th Dist.] 2004, pet. ref=d).  There is nothing in the record to show that
appellant=s trial
counsel=s
decision not to cross-examine K.L.H. was anything other than trial
strategy.  Appellant has failed to
overcome the presumption that his trial counsel=s
conduct was reasonable and professional. 
Bone, 77 S.W.3d at 833.

Appellant has failed to show that his trial
counsel=s
representation fell below an objective standard of reasonableness.  Therefore, appellant has failed to meet the
first prong of the Strickland test. 
Additionally, appellant has not met the second prong of the Strickland
test.  The record does not demonstrate a
reasonable probability that the outcome of the proceeding would have been
different if appellant=s
trial counsel had given an opening statement and had cross-examined K.L.H. We
overrule appellant=s point
of error.

                                                               This
Court=s Ruling 

 We affirm
the judgment of the trial court.

 

 

TERRY McCALL

JUSTICE

January 25, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.