Affirmed and Memorandum Opinion filed November 13, 2008








Affirmed and Memorandum Opinion filed November 13, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00669-CR

____________

 

QUENTIN CARDELL STURGIS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause No. 1090987

 



 

M E M O R A N D U M   O P I N I O N








Appellant was charged with the second-degree felony offense
of possession of cocaine.  He entered a plea of guilty to a third-degree
possession offense and was sentenced to four years= deferred
adjudication pursuant to a plea agreement.  Subsequently, the State filed a
motion to adjudicate guilt based on subsequent offenses and violations of the
terms and conditions of probation.  The trial court revoked appellant=s deferred adjudication
probation, adjudicated his guilt, and sentenced him to ten years= confinement in
the Institutional Division of the Texas Department of Criminal Justice.  In a
single issue, appellant claims he received ineffective assistance of counsel at
the hearing on the motion to adjudicate.  We affirm.

I.  Factual and Procedural Background

On November 2, 2006, appellant entered a plea of guilty to
the offense of possession of cocaine.  He was convicted and the trial court assessed
punishment at four years= deferred adjudication probation.  The
terms and conditions of probation required appellant to, among other things,
(1) commit no offense against the laws of Texas or any other State or of the
United States, (2) report monthly to a probation officer, (3) perform community
service, (4) pay supervisory fees, a fine, court costs, and a laboratory fee,
(5) obtain an offender identification card, (6) submit to drug and alcohol
evaluation, and (7) provide proof of a high school diploma or its equivalent.  

On December 31, 2006, Officer Robert Muller of the Houston
Police Department saw appellant riding a bicycle without a helmet.  Officer
Muller stopped appellant, asked him to step off of the bicycle, and prepared to
frisk him for weapons.  Prior to frisking appellant Officer Muller asked if he
was carrying identification.  Appellant responded that his identification was
in his pocket.  Officer Muller reached into appellant=s pocket and began
removing the contents.  He found keys, some change, and two rocks of crack
cocaine.  Officer Muller found appellant=s identification
in his other pocket.  A field test of the rocks was positive for cocaine. 
Officer Muller arrested appellant for possession of a controlled substance, and
the State subsequently filed a motion to adjudicate his guilt on the previous
possession offense.  The State amended its motion to adjudicate to add the
allegation that, on or about April 16, 2007, appellant committed murder.








The trial court held a hearing at which Officer Muller
testified to the events surrounding appellant=s arrest.  The
court liason officer from the 262nd District Court testified that appellant was
placed on deferred adjudication probation subject to the above terms and
conditions.  The court officer further testified that appellant failed to
report to his probation officer, perform community service, pay the required
fees, or obtain an identification card.  The trial court sustained appellant=s objection to her
testimony about the subsequent offense alleged to have been committed by
appellant.  After the close of evidence, appellant=s counsel informed
the court that appellant had received an offender identification card.

The trial court found the allegations in the motion to
adjudicate were true and adjudicated appellant guilty.  The court assessed
punishment at ten years in prison.  

II.  Ineffective Assistance of Counsel

In a single issue, appellant claims he received ineffective
assistance of counsel on the motion to adjudicate.  

A. 
Jurisdiction

Article
42.12, Section 5(b) of the Code of Criminal Procedure was amended during
the 2007 Legislative session to allow appeals from the decision to adjudicate
guilt.  Act
of June 15, 2007, 80th Leg., R.S., ch. 1308, '
5, 2007 Tex. Sess. Law Serv. ch. 1308.  The amended statute took effect on June
15, 2007, and the new provision applies only to a hearing conducted on or after
that date. 
Because appellant=s hearing was held on July 11, 2007, we
have jurisdiction over this appeal.

B. 
Standard of Review








Both the United States and Texas Constitutions guarantee an
accused the right to assistance of counsel.  U.S.
Const. amend. VI; Tex. Const.
art. I, ' 10.  This right
necessarily includes the right to reasonably effective assistance of counsel.  Strickland
v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674
(1984); see Ex parte Gonzales, 945 S.W.2d 830, 835 (Tex. Crim. App.
1997).  To prove ineffective assistance of counsel, appellant must show that
(1) trial counsel=s representation was deficient in that it
fell below an objective standard of reasonableness, based on prevailing
professional norms; and (2) the deficiency prejudiced appellant in that there
is a reasonable probability that the result of the proceeding would have been
different but for trial counsel=s deficient performance.  Strickland,
466 U.S. at 687, 104 S.Ct. at 2064; Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999).  Appellant bears the burden of proving his claims by a
preponderance of the evidence.  Jackson v. State, 973 S.W.2d 954, 956
(Tex. Crim. App. 1998).

In assessing appellant=s claims, we apply
a strong presumption that trial counsel was competent.  Thompson, 9
S.W.3d at 813.  We presume that trial counsel=s actions and
decisions were reasonably professional and were motivated by sound trial
strategy unless that presumption is rebutted.  See id. at 813B14; Jackson v.
State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  When reviewing a claim
of ineffective assistance, we look to the totality of the representation and
not to isolated instances of error or to only a portion of the trial record to
determine that the accused was denied a fair trial.  Thompson, 9 S.W.3d
at 813.

A claim for ineffective assistance of counsel must be
firmly supported in the record. Bone v. State, 77 S.W.3d 828, 833 (Tex.
Crim. App. 2002).  When, as in this case, there is no evidentiary record
developed at a hearing on a motion for new trial, it is difficult to show that
trial counsel=s performance was deficient.  See id.  Trial
counsel may have had a specific strategy for his conduct, and a reviewing court
may not speculate on trial counsel=s motives in the
face of a silent record.  Thompson, 9 S.W.3d at 814.  On such a silent
record, this court can find ineffective assistance of counsel only if the
challenged conduct was Aso outrageous that no competent attorney
would have engaged in it.@  Goodspeed v. State, 187 S.W.3d
390, 392 (Tex. Crim. App. 2005).

 

 








C. 
Analysis

Appellant contends that he received ineffective assistance
of counsel at the hearing on the motion to adjudicate because counsel failed to
cross-examine the State=s witnesses.  Two witnesses testified for
the State: the court liason officer, and the arresting officer on the
subsequent possession charge.  Appellant=s trial counsel
objected to alleged hearsay and corrected the court officer=s testimony that
appellant did not have an identification card, but did not cross-examine either
witness.

Cross-examination is inherently risky, particularly in
criminal cases where pretrial discovery is more limited than in civil cases.  Dannhaus
v. State, 928 S.W.2d 81, 88 (Tex. App.CHouston [14th
Dist.] 1996, pet. ref=d).  The decision not to cross‑examine
a witness is often the result of wisdom acquired by experience in the combat of
trial.  Coble v. State, 501 S.W.2d 344, 346 (Tex. Crim. App. 1973). 
There is a possibility that appellant=s trial counsel
thought he might reveal his strategy in the pending possession and murder
trials if he cross-examined the State=s witnesses.  A
decision not to cross‑examine a witness may be based on reasonable trial
strategy.  See Navarro v. State, 154 S.W.3d 795, 799 (Tex. App.CHouston [14th Dist.]
2004, pet. ref=d).  There is nothing in the record to show that trial
counsel=s decision not to
cross‑examine certain witnesses was anything other than trial strategy. 
Appellant has failed to overcome the presumption that his trial counsel=s conduct was
reasonable and professional.  Bone, 77 S.W.3d at 833.  

In viewing the totality of appellant=s representation
at trial, we conclude that the assistance of counsel was within the wide range
of reasonable professional assistance. Accordingly, we overrule appellant=s sole issue.

 

 

 








The judgment of the trial court is affirmed.

 

 

 

 

 

/s/      Jeff Brown

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed November 13, 2008.

Panel consists of
Chief Justice Hedges and Justices Guzman and Brown.

Do Not Publish C Tex. R. App. P. 47.2(b).