Opinion issued April 8, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-08-00842-CR

———————————

Jesus Oswal Garcia-Sandoval, Appellant

V.

The State of Texas, Appellee



 



 

On Appeal from the 338th District Court

Harris County, Texas



Trial Court Case No. 1113176

 

 



 

MEMORANDUM OPINION

          Appellant
Jesus Oswal Garcia-Sandoval was convicted by a jury of aggravated robbery.  See Tex.
Penal Code Ann. § 29.03(a)(2) (Vernon 2003).  After the jury returned its guilty verdict,
Garcia-Sandoval waived his right to trial on punishment and agreed with the
State to a recommended punishment of 19 years’ imprisonment.  The trial court assessed punishment at 19 years’
imprisonment, so Garcia-Sandoval has no right to appeal his punishment.  See
Tex. R. App. P. 25.2(a)(2).  In four points of error, Garcia-Sandoval
contends he received ineffective assistance of counsel at guilt-innocence.  We affirm.

Background

 

          The complainant, Paulie Nobles,
testified that she was robbed at gunpoint by Garcia-Sandoval while she and a
friend, Wanda Boudreaux, were leaving a restaurant.  Garcia-Sandoval was the passenger in a car
that drove up next to Nobles, and Garcia-Sandoval pointed a gun at Nobles and
told her to give him her purse.  Nobles
testified that Garcia-Sandoval opened the car door, put the gun to her stomach,
and said, “Do you think I’m playing with you?” 
She threw her purse at Garcia-Sandoval, he fell back into the car, and
Garcia-Sandoval and the driver drove away.

Nobles identified Garcia-Sandoval in a police lineup a week
after the incident.  She testified that
she recognized him right away because she paid close attention during the
robbery.  It was daytime when the robbery
occurred.

Boudreaux testified at trial that she saw the car drive up, saw
the passenger, and heard him say, “Give me your purse.”  She identified Garcia‑Sandoval as the
robber and said that he pointed a gun at her and Nobles.  Boudreaux further testified on direct- and
cross-examination that she got a very good look at Garcia‑Sandoval during
the robbery.  She was able to immediately
recognize him in the police lineup.

Houston Police Detective G. Ebbers testified at trial that he
conducted the police lineup for Nobles and Boudreaux.  Detective Ebbers said that both Nobles and
Boudreaux were positive that Garcia‑Sandoval was the person who committed
the robbery.  Detective Ebbers also testified
that he saw Garcia‑Sandoval using Nobles’s credit card on a Wal‑Mart
surveillance tape.

Malcolm Sharples testified at trial concerning an extraneous
offense.  The trial court allowed the
testimony about the extraneous offense in part because Garcia‑Sandoval
had placed the issue of identity in question. 
Sharples said he was robbed in April 2007 by a man in the passenger’s
seat of a car who was holding a gun. 
Sharples identified Garcia‑Sandoval as the man who robbed him.

Garcia‑Sandoval did not file a motion for new trial.

Analysis

          In his first three points of error,
Garcia‑Sandoval claims his trial counsel was ineffective in failing to properly
cross-examine Nobles, Boudreaux, and Detective Ebbers (point one), failing to object
to alleged hearsay in Detective Ebbers’s testimony (point two), and failing to
make a correct objection to Sharples’s extraneous-offense testimony (point
three).  In his last point, Garcia‑Sandoval
claims that the cumulative effect of these errors requires a new trial.

To be entitled to a new trial based on ineffective
assistance, a defendant must show that counsel’s performance was so deficient
that he was not functioning as acceptable counsel under the Sixth Amendment and
that there is a reasonable probability that, but for counsel’s error, the
result of the proceedings would have been different.  See Strickland v. Washington,
466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Hernandez v. State, 726
S.W.2d 53, 55–57 (Tex. Crim. App. 1986). 
The defendant bears the burden to prove ineffective assistance of
counsel.  See Strickland,
466 U.S. at 687, 104 S. Ct. at 2064.

          Allegations of ineffective assistance
of counsel must be firmly founded in the record.  McFarland v. State, 928 S.W.2d 482,
500 (Tex. Crim. App. 1996).  The review
of trial counsel’s representation is highly deferential and presumes that
counsel’s actions fell within a wide range of reasonable professional
assistance.  See Thompson v.
State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  When the record is silent on the motivations
underlying trial counsel’s tactical decisions, the appellant usually cannot
overcome the strong presumption that trial counsel’s conduct was
reasonable.  See Thompson,
9 S.W.3d at 813.

          In most cases, the record on direct
appeal is undeveloped and cannot adequately reflect the motives behind trial
counsel’s actions.  See Mallett
v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).  Because the reasonableness of trial counsel’s
choices often involves facts that do not appear in the appellate record, the
Court of Criminal Appeals has stated that trial counsel should ordinarily be
given an opportunity to explain his actions before a court reviews that record
and concludes trial counsel was ineffective. 
See Bone v. State, 77 S.W.3d 828, 836 (Tex. Crim. App.
2002).  A petition for writ of habeas
corpus usually is the appropriate vehicle to investigate ineffective-assistance
claims.  See Mitchell v. State,
68 S.W.3d 640, 642 (Tex. Crim. App. 2002). 
Without proof from the defendant that there is no plausible professional
reason for trial counsel’s act or omission, the reviewing court may not
speculate on why counsel acted as he did. 
See Bone, 77 S.W.3d at 835–36.

I.                 
Specific Allegations of Deficient
Performance

On appeal, Garcia‑Sandoval argues that his trial
counsel failed the first prong of Strickland—i.e., counsel’s performance
was so deficient that he was not functioning as acceptable counsel under the
Sixth Amendment—because counsel did not properly cross-examine Nobles and
Boudreaux, did not object to alleged hearsay in Detective Ebbers’s testimony
concerning the Wal-Mart surveillance tape, and did not properly object to
Sharples’s extraneous-offense testimony. 
As discussed below, in making these arguments Garcia‑Sandoval
provides no case authority or any other compelling argument for the proposition
that there can be no plausible professional reason for trial counsel’s acts or
omissions in these specific situations.

Issue 1:  Cross-examination

In his first issue, Garcia‑Sandoval claims his trial
counsel’s cross‑examination of Nobles was deficient because trial counsel
did not ask Nobles what description she gave of the robber, whether her stolen
credit cards and cell phone were ever used, how far away the robber was from
her, what her state of mind was at the time of the incident, what the gun looked
like, and what the driver looked like. 
Garcia‑Sandoval further claims his trial counsel’s
cross-examination of Boudreaux was deficient because trial counsel did not ask
Boudreaux for a detailed description of the robber.  Finally, Garcia‑Sandoval claims in
passing that his trial counsel was deficient in not cross‑examining
Detective Ebbers concerning Nobles’s and Boudreaux’s descriptions of the robber
and in not demanding copies of the Wal-Mart surveillance tape or the credit-card
records.

Trial counsel may make strategic decisions as to whether and
how to cross‑examine witnesses.  See, e.g., Coble v. State, 501 S.W.2d 344, 346 (Tex. Crim. App. 1973) (“Often,
the decision to not cross-examine a witness is the result of wisdom acquired by
experience in the combat of trial.”); Navarro
v. State, 154 S.W.3d 795, 799 (Tex. App.—Houston [14th Dist.] 2004, pet.
ref’d) (acknowledging circumstance in which it would be “entirely reasonable or
foreseeable that a defense attorney would limit his cross-examination out of
fear of alienating a jury or coming across as too aggressive”); Dannhaus v. State, 928 S.W.2d 81, 88
(Tex. App.—Houston [14th Dist.] 1996, pet. ref’d) (“Cross‑examination is
inherently risky, particularly in criminal cases where pre‑trial
discovery is more limited than in civil cases.”).  Garcia-Sandoval presents no argument or
evidence to demonstrate that trial counsel could not have had any plausible
professional reasons for his actions in this regard.  See Bone, 77 S.W.3d at 835–36.

Issue 2:  Hearsay

In his second issue, Garcia-Sandoval claims his trial
counsel’s cross‑examination of Detective Ebbers was deficient because
trial counsel allowed Ebbers to testify without objection that Nobles appeared
positive of her identification of Garcia‑Sandoval as the robber.  Garcia‑Sandoval characterizes this as
hearsay testimony, but he does not explain in his appellate brief why Detective
Ebbers’s opinion about Nobles’s testimony would be hearsay.  Detective Ebbers’s comment about Nobles’s
actual identification of Garcia‑Sandoval is not hearsay because of Nobles’s
previous identification testimony.  See Tex.
R. Evid. 801(e)(1)(C);
Rodriguez v. State, 975 S.W.2d 667,
682–83 (Tex. App.—Texarkana 1998, pet. ref’d).  Garcia‑Sandoval
also claims that trial counsel “elicited hearsay from Detective Ebbers” on
rebuttal, but does not describe this alleged hearsay in his appellate brief.

Mere identification of instances in which counsel did not
make an evidentiary objection, without more, does not establish deficient
performance of counsel for the purposes of an ineffective-assistance
claim.  See, e.g., Thomas v. State,
886 S.W.2d 388, 392 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d) (“Isolated
failures to object to certain procedural mistakes or improper evidence or
argument do not constitute ineffective assistance of counsel. . . .  Failure to object to inadmissible testimony
can constitute a sound and plausible trial strategy.” (citing Davis v. State, 830 S.W.2d 762, 765
(Tex. App.—Houston [1st Dist.] 1992, pet. ref’d)).  Garcia-Sandoval failed to offer any authorities
or argument to establish that trial counsel could not have had any plausible
professional reasons for his failure to object. 
See Bone, 77 S.W.3d at 835–36. 

Issue 3:  Extraneous-offense testimony

Garcia‑Sandoval’s third issue concerns his trial
counsel’s alleged deficient performance by allegedly improperly objecting to Malcolm
Sharples’s testimony concerning an extraneous robbery.  On appeal, Garcia-Sandoval does not argue
that the Texas Rule of Evidence 404(b) extraneous-offense objection was wrong,
but instead argues that trial counsel’s specific statement that “the evidence
that’s proposed to be brought forward is evidence of an extraneous, aggravated
robbery of the exact same type that happened in this case” is incorrect because
there were factual differences between the two incidents.  The differences in the two incidents are: (1) one
occurred in Midtown and the other in Memorial; (2) one involved a female
driver and the other a male driver; (3) one occurred at 4 p.m. and the
other at 7 p.m.; (4) Garcia‑Sandoval allegedly first asked for
directions in one and immediately demanded property in the other; and (5) the
driver said nothing in one and allegedly asked Garcia‑Sandoval to shoot
in the other.  Although Garcia‑Sandoval
argues that his trial counsel’s argument was incorrect and ineffective, he
offers no argument or authorities to suggest that it was “so outrageous that no
competent attorney would have engaged in it.” 
Garcia v. State, 57 S.W.3d
436, 440 (Tex. Crim. App. 2001).

*        *        *

It is the defendant’s burden to prove there is no plausible
professional reason for trial counsel’s act or omission.  See Bone, 77 S.W.3d at
836.  Without an evidentiary motion for
new trial, we are not persuaded, based on the existing appellate record and
argument, that trial counsel could not have had any plausible professional
reasons for his actions.  See id. (stating that counsel should ordinarily be
accorded opportunity to explain his actions before being condemned as
unprofessional and incompetent).  We
therefore hold that Garcia‑Sandoval has not met his burden under the
first prong of Strickland to prove that his trial counsel was
deficient.  Because failure to make the
required showing of either deficient performance or sufficient prejudice
defeats an ineffectiveness claim, we do not reach Garcia‑Sandoval’s
arguments on the second prong of Strickland.  See Thompson, 9 S.W.3d at
813.  We overrule points of error one,
two, and three.

II.              
Cumulative Effect of Alleged
Deficient Performance

          In point of error four, Garcia‑Sandoval
contends that the errors he describes in point one, two, and three are so great
that his constitutional rights under the Fifth, Sixth, and Fourteenth
Amendments are violated, as well as his rights under article I, sections 10,
13, and 19 of the Texas Constitution.  See U.S.
Const. amend. V, VI, XIV; Tex.
Const. art. I, §§ 10, 13, 19.  Because
the appellate record does not demonstrate that his trial counsel was deficient,
we overrule point four. 

Conclusion

          We affirm the trial court’s judgment.  The resolution of this appeal in no way
affects Garcia-Sandoval’s entitlement to re-urge his claim of ineffective
assistance of counsel in a writ of habeas corpus.  See
Bone, 77 S.W.3d at 837 n.30.

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel consists of Justices Keyes, Sharp, and
Massengale.

Do
not publish.  Tex. R. App. P. 47.2(b).