Arthur Lee COBLE, Appellant,

v.

The STATE of Texas, Appellee.

No. 46868.

Court of Criminal Appeals of Texas.

Nov. 21, 1973.

Ira D. Watrous, Houston (On appeal only), for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Robert Bennett, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for murder. Punishment was assessed by the jury at life.

At the outset appellant claims his retained counsel in the trial court was ineffective and as a result of his incompetence he was denied due process under the Four-teenth Amendment and the right to effective assistance of counsel under the Sixth Amendment.

In Williams v. Beto, 354 F.2d 698 (5th Cir. 1965) it was stated, "as no two men can be exactly alike in the practice of the profession, it is basically unreasonable to judge an attorney by what another would have done, or says he would have done, in the better light of hindsight."

Even judging appellant's retained trial counsel by the impermissible standard of what should have been done "in the better light of hindsight" we find it difficult to fault counsel under appellant's complaints.

Appellant complains of trial counsel's failure to raise the issue of appellant's competency to stand trial. Counsel made application for and obtained an order for a psychiatric examination. The record showing nothing to the contrary, we can only conclude that the findings of such examination did not merit raising the issue of appellant's competency to stand trial.

Complaint is made that counsel failed to file a motion to quash the indictment, but appellant does not point out in what respect the indictment is faulty and subject to attack.

Trial counsel's voir dire examination of the jury panel covers some thirty-five pages in the record, such examination resulting in the discharge of at least two prospective jurors. We find no merit in appellant's claim of incompetence stemming from counsel's voir dire examination.

The fact that counsel made only eight objections to testimony offered by the State may have very well been to appellant's advantage. While complaint is made of failure to object to an oral confession, appellant does not suggest any objection that should have been made.

■ It is urged that counsel was ineffective in that three of the nine witnesses presented by the State were not cross-examined. Appellant does not set forth what could have been achieved by cross-examination. Often, the decision to not cross-examine a witness is the result of wisdom acquired by experience in the combat of trial.

■ Complaint of counsel's action in not presenting evidence in behalf of appellant is unwarranted in the absence of a showing that appellant would have benefited from the presentation of such evidence.

■ The adequacy of an attorney's services on behalf of the accused must be gauged by the totality of the representation. Witt v. State, Tex.Cr.App., 475 S. W.2d 259; Satillan v. State, Tex.Cr.App., 470 S.W.2d 677.

A review of the record reflects that appellant had adequate representation in the trial court.

■ Appellant contends the absence of his requested charge in the appellate record requires reversal.

In support of his contention appellant points to a docket entry which reads:

"A charge was prepared by the Court and submitted to counsel for Deft and State. Defendant's requested charges submitted in writing, considered and denied, to which Deft excepts. Charge filed."

Appellant filed his objections to the record, and among other complaints urged that the record should contain "appellant's requested charges as submitted in writing per the 'docket notation.'" The matter was set down for hearing by the court in accordance with Article 40.09, Section 7, Vernon's Ann.C.C.P. The clerk of the court testified that the papers in the cause did not include any requested charges by appellant and that he was unaware of any missing documents.

Neither the testimony of the clerk nor the docket notation reflect that appellant's requested charge was ever filed.

The record does not reflect any attempt on the part of appellant to make any substitution for the alleged lost instrument as provided for in Article 44.11, V.A.C.C.P.[1] In Broussard v. State, Tex.Cr.App., 471 S. W.2d 48, where indictment had been lost and assistant district attorney testified that the substitution was a true copy of the original indictment this court said ". . . under 44.11, the trial court may make substitutions for lost or destroyed documents, and under 40.09, Sec. 7, his findings, if supported by evidence at the hearing, are final."

Nowhere does the appellant attempt to set forth what his requested charge contained nor does appellant state how he was harmed by virtue of the court's failure to grant same. We perceive no error.

The judgment is affirmed.

Opinion approved by the Court.

---

1. The pertinent portion of Article 44.11, V.A. C.C.P., provides:
"In cases where the record of any portion thereof is lost or destroyed it may be substituted in the trial court and when so substituted the record may be prepared and transmitted to the Court of Criminal Appeals as in other cases."