Affirmed and Memorandum Opinion filed February 27, 2007








Affirmed and Memorandum Opinion filed February 27, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00149-CR

____________

 

TAJDAR MOHAMMED, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 15

Harris County, Texas

Trial Court Cause No. 1326208

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Tajdar Mohammed, was convicted by a jury for
assault of a family member and sentenced by the trial court to 300 days= incarceration in
the Harris County Jail.  In a single point of error, appellant claims he
received ineffective assistance of counsel because his trial attorney failed to
cross-examine one of the State=s witnesses.  We affirm.  








On September 5, 2005, Officer Chris Wood received a call
from dispatch for a disturbance at the Cedar Creek Apartments.  When Wood
arrived at the apartment, he found it in disarray, i.e., Athere was
furniture moved around or thrown over like a scuffle or something happened
there . . .@  Wood observed that the complainant, Veronica Munoz,
was terrified.  Because Munoz spoke Spanish and very little English, a
neighbor, Deborah Knapp, translated what Munoz said into English for Wood.  

Knapp observed that Munoz was upset and crying, had Achoke marks@ or Awelts@ on her neck, and
had a two-year-old and an infant with her.  Munoz said her husband had caused
the marks on her neck and she needed to leave the apartment because if
appellant returned, Ahe was going to set her on fire.@  Knapp advised
Wood she was going to drive Munoz to a shelter.  As Wood was escorting Munoz
and Knapp to their car in the parking lot, appellant arrived.  Munoz identified
appellant as her husband and assailant.  It appeared to Wood that Munoz and
Knapp were scared when they saw appellant.  

Appellant complains he received ineffective assistance of
counsel because his trial counsel failed to cross examine Officer Wood.  Both
the United States and Texas Constitutions guarantee an accused the right to
assistance of counsel.  See U.S. Const.
amend. VI; Tex. Const. art. I, ' 10; Tex. Code Crim. Proc. Ann. art. 1.05
(Vernon 1977).  The right necessarily includes the right to reasonably
effective assistance of counsel.  Strickland v. Washington, 466 U.S.
668, 686 (1984).  The United States Supreme Court has established a two‑prong
test to determine whether counsel is ineffective.  Id.  Appellant must
first demonstrate his counsel=s performance was deficient and not
reasonably effective.  Id. at 688B92.  Thereafter,
appellant must demonstrate the deficient performance prejudiced his defense.  Id.
at 693.  Essentially, appellant must show that his counsel=s representation
fell below an objective standard of reasonableness, based on prevailing
professional norms, and there is a reasonable probability that, but for his
counsel=s unprofessional
errors, the result of the proceeding would have been different.  Id.; Valencia
v. State, 946 S.W.2d 81, 83 (Tex. Crim. App. 1997).








Judicial scrutiny of counsel=s performance must
be highly deferential and we are to indulge the strong presumption that counsel
was effective.  Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.
1994).  We assume counsel=s actions and decisions were reasonably
professional and that they were motivated by sound trial strategy.  Id. 
Moreover, it is appellant=s burden to rebut this presumption, by a
preponderance of the evidence, via evidence illustrating why trial counsel did
what he did.  Id.  Any allegation of ineffectiveness must be firmly
founded in the record and the record must affirmatively demonstrate the alleged
ineffectiveness.  McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim.
App. 1996), overruled on other grounds by Mosley v. State, 983 S.W.2d
249, 263 (Tex. Crim. App. 1998).  Where the record contains no evidence of the
reasoning behind trial counsel=s actions, we cannot conclude counsel=s performance was
deficient.  Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999);
Jackson, 877 S.W.2d at 771.  An appellate court is not required to
speculate on the reasons behind trial counsel=s actions when
confronted with a silent record.  Jackson, 877 S.W.2d at 771.  

If appellant proves his counsel=s representation
fell below an objective standard of reasonableness, he must still affirmatively
prove prejudice as a result of those acts or omissions.  Strickland, 466
U.S. at 693; McFarland, 928 S.W.2d at 500.  Counsel=s errors, even if
professionally unreasonable, do not warrant setting the conviction aside if the
errors had no effect on the judgment.  Strickland, 466 U.S. at 691. 
Appellant must prove that counsel=s errors, judged
by the totality of the representation, denied him a fair trial.  See
McFarland, 928 S.W.2d at 500.  If appellant fails to make the required
showing of either deficient performance or prejudice, his claim fails.  See
id.  








Here, the record does not demonstrate the reason appellant=s trial counsel
chose not to cross-examine Wood.  We are not required to speculate on the
reasons behind trial counsel=s actions when the record is silent.  Jackson,
877 S.W.2d at 771; see also Thompson, 9 S.W.3d at 814 (holding that when
record provides no explanation as to motivation behind trial counsel=s actions, appellate
court should be hesitant to declare ineffective assistance of counsel). 
Appellant has not satisfied his burden on appeal to rebut the presumption that
counsel=s actions were
reasonably professional and motivated by sound trial strategy.  See Coble v.
State, 501 S.W.2d 344, 346 (Tex. Crim. App. 1973) (stating the decision not
to cross-examine a witness often is the result of wisdom acquired by experience
in the combat of trial.); Valdes-Fuerte v. State, 892 S.W.2d 103, 111
(Tex. App.CSan Antonio 1994, no pet.) (stating the decision of
whether to cross-examine witnesses is a matter of trial strategy.). 

Moreover, appellant does not explain on appeal what
cross-examination of Officer Wood would have yielded or how the decision not to
cross examine Officer Wood was harmful.  Therefore, appellant has failed to
show any alleged deficiency in his trial attorney=s performance. 
Appellant has also failed to show how the absence of cross-examination
prejudiced his defense.  Appellant=s sole point of
error is overruled.  

Accordingly, the judgment of the trial court is affirmed. 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed February 27, 2007.

Panel consists of
Justices Yates, Anderson, and Hudson.

Do Not Publish C Tex. R. App. P. 47.2(b).