NO. 07-08-0001-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 20, 2008
______________________________

MICHAEL ANTHONY WHITESELL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B17345-0709; HONORABLE ED SELF, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Appellant, Michael Anthony Whitesell, appeals the denial of his application for writ
of habeas corpus challenging his arrest pursuant to a governorâs warrant. We affirm.
Â Â Â Â Â Â Â Â Â Â Appellantâs attorney has filed an Anders brief and a motion to withdraw. See Anders
v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In support of his motion
to withdraw, counsel certifies that he has diligently reviewed the record and, in his opinion,
the record reflects no reversible error upon which an appeal can be arguably predicated. 
Id. at 744-45. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App.
1978), counsel has candidly discussed why, under the controlling authorities, there is no
error in the trial courtâs judgment. Additionally, counsel has certified that he has provided
appellant a copy of the Anders brief and motion to withdraw and appropriately advised
appellant of his right to file a pro se response in this matter. Stafford v. State, 813 S.W.2d
503, 510 (Tex.Crim.App. 1991). The court has also advised appellant of his right to file a
pro se response. Appellant has in fact filed a response and further filed a document he
denominates as an application for writ of habeas corpus. 
Â Â Â Â Â Â Â Â Â Â We have made an independent review of the entire record to determine whether
there are any arguable grounds which might support an appeal. See Penson v. Ohio, 488
U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824
(Tex.Crim.App. 2005). We have found no such grounds. 
Â Â Â Â Â Â Â Â Â Â Additionally, we have reviewed appellantâs pro se response and other documents
appellant has filed in connection with this case. All of the purported arguable grounds put
forth by appellant would have this court go behind the governorâs warrant. The record
before us contains no irregularities and, as such, is prima facie proof to the allegations
contained therein. Michigan v. Doran, 439 U.S. 282, 289, 99 S.Ct. 530, 58 L.Ed.2d 521
(1978). There was no contest at the writ hearing about the identity of appellant as the
person named in the governorâs warrant. Appellant alleges that he was not timely brought
before the trial court, alleging that more than 90 days transpired before the hearing on the
writ was conducted. See Tex. Code Crim. Proc. Ann. art. 51.07 (Vernon 2006). However,
appellant failed to take into consideration the provision that allows a person, once released
on bond under provisions of article 51.07, to be subsequently arrested upon the issuance
of a governorâs warrant. See Tex. Code Crim. Proc. Ann. art. 51.08 (Vernon 2006). The
record affirmatively reflects that the above procedure was followed. Accordingly, we agree
with counsel that the appeal is frivolous.
Â Â Â Â Â Â Â Â Â Â Therefore, we grant counselâs motion to withdraw and affirm the order of the trial
court. 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Mackey K. Hancock

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Â Â 









Do not publish. 





Â 






 by
interviewing and presenting witnesses and failed to keep him informed on the status of his
case. He also contends counsel failed to disclose potential conflicts in time for him to seek
other counsel. From the record before us, we determine these contentions do not relate
distinctly to the punishment phase, and we have no jurisdiction to consider them.

Appealable matters


 Appellant argues ineffective assistance of counsel during the punishment phase as
it relates to the trial court's decision not to hold an evidentiary hearing on his motion for
new trial. He also faults counsel for (1) failing to present punishment evidence, (2)
deciding not to cross-examine Cage, and (3) failing to request a presentence investigation
report (PSI).

 A trial court's decision not to hold an evidentiary hearing on a motion for new trial
is reviewed for abuse of discretion. Wallace v. State, 106 S.W.3d 103, 108 (Tex.Crim.App.
2003). A defendant is entitled to an evidentiary hearing when the motion and supporting
affidavits raise matters that are not determinable from the record without a hearing, and
the record prior to the hearing demonstrates that the defendant could be entitled to relief. 
Id. The motion and accompanying affidavits need not establish a prima facie case; rather
they need only reflect that reasonable grounds exist for granting a new trial. Jordan v.
State, 883 S.W.2d 664, 665 (Tex.Crim.App. 1994). An affidavit that is conclusory in nature
and unsupported by facts is insufficient to put the trial court on notice that reasonable
grounds for relief exist. Id.

 The only affidavit in support of the motion for new trial is from appellate counsel. 
He avers in relevant part:

 The allegations contained within the Motion for New Trial are true and correct
based on my investigation of this case and based on the written statements
made to me by Rolando Flores.


Neither the motion nor affidavit provide facts which if found true would entitle appellant to
relief. Potential witnesses, if any, that could have testified during punishment are not
named. Nor does appellant provide what further investigation regarding sentencing would
have revealed. We conclude the motion for new trial and supporting affidavit were
insufficient to put the trial court on notice that reasonable grounds existed to believe
counsel's representation during the punishment phase may have been ineffective. We
hold the trial court did not abuse its discretion in failing to conduct an evidentiary hearing
on appellant's motion for new trial. Issue one is overruled.

 We review appellant's second issue that he received ineffective assistance during
the punishment phase under the standard enunciated in Strickland v. Washington, 466
U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A defendant must establish that (1)
counsel's performance was deficient (i.e., fell below an objective standard of
reasonableness), and (2) there is a reasonable probability that but for counsel's deficient
performance, the result of the proceeding would have been different, a reasonable
probability being a probability sufficient to undermine confidence in the outcome. Rylander
v. State, 101 S.W.3d 107, 110 (Tex.Crim.App. 2003). See also Hernandez v. State, 726
S.W.2d 53, 55 (Tex.Crim.App. 1986). The defendant must overcome the presumption that
counsel's conduct might be considered sound trial strategy. Jackson v. State, 877 S.W.2d
768, 771 (Tex.Crim.App. 1994). Failure to make the required showing of either deficient
performance or sufficient prejudice defeats the ineffectiveness claim. Thompson v. State,
9 S.W.3d 808, 814 (Tex.Crim.App. 1999) (citing Strickland, 466 U.S. at 700).

 Appellant argues that counsel was ineffective during punishment by failing to
present evidence. We do not agree. The failure to present evidence does not constitute
ineffective assistance unless the record demonstrates what the evidence was and how it
would have been beneficial to the defendant. Butler v.State, 716 S.W.2d 48, 55
(Tex.Crim.App. 1986). See also Cate v. State, 124 S.W.3d 922, 927 (Tex.App.-Amarillo
2004, pet. ref'd). Appellant does not indicate what evidence, if any, was available that
would have benefitted him during the punishment phase.

 Appellant also complains that counsel was ineffective during punishment by failing
to cross-examine Cage. Again, we disagree. "Often, the decision to not cross-examine
a witness is the result of wisdom acquired by experience in the combat of trial." Miniel v.
State, 831 S.W.2d 310, 324 (Tex.Crim.App. 1992) (quoting Coble v. State, 501 S.W.2d
344, 346 (Tex.Crim.App. 1973)). Counsel had already effectively cross-examined Cage
during the adjudication phase without eliciting any favorable testimony. Appellant has not
shown that counsel's decision to forego cross-examining Cage during punishment was not
sound trial strategy. 

 Appellant's final complaint relating to punishment is that although not required to do
so, counsel should have requested a PSI report prior to sentencing. SeeÂ Tex. Code Crim.
Proc. Ann. art. 42.12, § 9(a) (Vernon Supp. 2006). Although appellant concedes counsel
was not required to request preparation of a PSI report, he urges counsel should have
because of issues regarding his alcohol abuse which may have contributed to commission
of the charged offense. See Art. 42.12, Â§ 9(h). A PSI report advises the trial court on the
circumstances of the charged offense, the amount of restitution necessary to compensate
the victim, the criminal and social history of the defendant, and any other information
relating to the defendant or the offense requested by the judge. Art. 42.12, Â§ 9(a). 
Appellant has not overcome the presumption that counsel's failure to press for preparation
of a PSI might be considered sound trial strategy. Moreover, even assuming that counsel's
failure to request preparation of a PSI report was a deficiency in his performance, appellant
has not demonstrated that there is a reasonable probability that but for the alleged
deficiency, the result of the proceeding would have been different.

 Appellant has not established that he received ineffective assistance of counsel with
respect to the punishment phase. Issue two is overruled.

 Having concluded we have no jurisdiction to address the merits of appellant's
complaints relating to the adjudication phase, that portion of the appeal is dismissed; in all
other respects, the trial court's judgment is affirmed.


 James T. Campbell

 Justice



Do not publish.