**Opinion issued April 17, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00649-CR

————————————

**SACAJAWEA WARREN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Case No. 1301748**

---

## MEMORANDUM OPINION

Appellant, Sacajawea Warren, was charged by indictment with burglary with

intent to commit theft.[1] Appellant pleaded guilty without a recommendation for

punishment. At the subsequent hearing on the presentencing investigation,

---

[1]    *See* TEX. PENAL CODE ANN. § 30.02(a)(1) (Vernon 2011).

Appellant moved to withdraw her plea of guilty. The trial court denied the motion. In four issues on appeal, Appellant argues (1) the trial court abused its discretion by denying her motion to withdraw her guilty plea and (2) she received ineffective assistance of counsel in her guilty plea.[2]

We affirm.

## Background

In April 2011, Appellant was a real estate agent working for Keller Williams. On the night of April 6, 2011, Deputy R. VanDine responded to investigate a call at a house in Humble, Texas. The house was vacant with no electrical power and was listed as for sale. Appellant's SUV was in the driveway with a stove in the back of it. Deputy VanDine heard power tools as he approached the home and saw flashlights being used inside. As he approached the house, Appellant and her husband came out the front door. Inside, Deputy VanDine found a stove pulled out from the wall with the power and gas lines disconnected. He also found a tool bag with bolt cutters, white tie straps, and other items. Deputy VanDine contacted the listing realtor who told him that no one was

---

[2] Appellant raised a fifth issue—her second issue in her brief on the merits—arguing the trial court abused its discretion by not holding a hearing on its motion for new trial. Appellant filed a motion to abate, raising the same issue. We granted the motion and abated this appeal for the trial court to hold such a hearing. A hearing was held, and the transcript is now a part of our record. Accordingly, this issue is now moot.

2

allowed to be in the home without authorization. Based on these facts, Deputy VanDine arrested Appellant and her husband.

Appellant and her husband retained an attorney to represent them. The work performed by the attorney and the advice he offered is a subject of dispute in this appeal. Appellant testified that, until April 2012, her attorney had been encouraging her to go to trial. In April, the case was set to go to trial. Appellant alleged that her attorney had a setting on the same date for a matter in his own divorce proceeding. She testified that her attorney sought a continuance on that ground, but the trial court denied the motion. Once the trial court denied the motion, her attorney's demeanor changed and he began pushing her to plead guilty. Appellant and her husband claimed that her attorney told her the trial court definitely would give her probation if she pleaded guilty. If they went to trial, however, Appellant claimed her attorney said he would not be able to cross-examine the arresting police officer, he would be unable to prevent Appellant's prior convictions from being established, she would be found guilty, and she would be sent to jail immediately.

Appellant's attorney acknowledged that he had a setting for his divorce around the time of Appellant's April trial date. He testified, however, that the setting was one week before Appellant's trial date and would not have conflicted with his preparations for her trial. He denied telling Appellant that she definitely

3

would get probation, that he would not be able to cross-examine the arresting officer, that her criminal background would definitely be established, or that she would definitely be found guilty at trial. He did recall that he had conferred with the trial court and opposing counsel about cross-examining the arresting officer about a specific issue and that the trial court indicated it would not allow the officer to be examined on that issue. Appellant's attorney could no longer recall what the specific issue was, but testified that he otherwise would have been able to cross-examine the arresting officer.

Appellant's attorney testified that he came to the courthouse—where the district attorney's office is also located—10 to 15 times. The Harris County District Attorney's office has an open file policy, and the attorney testified he reviewed the file thoroughly. He also testified that he prepared Appellant and her husband for trial, prepared for his cross-examinations, and prepared for voir dire. He recognized that he had not subpoenaed any witnesses, filed any motions in limine or other pretrial motions, interviewed any witnesses, filed any discovery, or investigated the scene of the crime. Appellant and her husband denied that the attorney had ever prepared them for trial.

Appellant claims that, based on the assurance from her attorney that she would receive probation if she pleaded guilty, Appellant agreed to plead guilty. At the time of her plea, the trial court admonished Appellant on her guilty plea,

4

received her plea, and passed the case for a presentence investigation. Another hearing was scheduled to set Appellant's punishment after the presentence investigation had time to be completed.

Some time after her plea of guilty, Appellant came to regret her decision. She discussed this with the investigator preparing the report. The investigator mentioned the discussion in the report. The report explained,

> The defendant reported she is not guilty of the offense. The defendant reported the reasons she plead[ed] guilty to a presentence investigation is because her attorney informed her she would receive probation and if she went to trial, [she] and her husband would be tried separately, she would be found guilty because of her criminal history, sentenced to prison, and she would be taken into custody the same day. The defendant stated all she can do is what her attorney advises her and her husband.

At the sentencing hearing, Appellant's attorney moved to allow Appellant to withdraw her guilty plea. The trial court denied the motion. At the end of the hearing, the trial court sentenced Appellant to two years' confinement.

After the hearing, Appellant retained a new attorney, and filed a motion for a new trial. In the motion, Appellant sought a new trial on the grounds that she had received ineffective assistance of counsel. The trial court denied the motion on the same day. Appellant appealed, and we abated the appeal for the trial court to hold a hearing on Appellant's motion. After the hearing, the trial court again denied the motion.

**Motion to Withdraw Guilty Plea**

In her first issue, Appellant argues the trial court abused its discretion by denying her motion to withdraw her guilty plea.

## A. Standard of Review

A defendant has an absolute right to withdraw a guilty plea any time before his plea has been taken under advisement or guilt has been adjudicated. *Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App. 1979). Once a plea has been taken under advisement or guilt has been adjudicated, however, a request to withdraw a plea is untimely and the withdrawal of such a plea is within the sound discretion of the trial court. *Id.* To establish an abuse of discretion, the appellant must show that the trial court's ruling lies outside the zone of reasonable disagreement. *Moreno v. State*, 90 S.W.3d 887, 889 (Tex. App.—San Antonio 2002, no pet.). In performing our review, we must view the ruling in light of the information before the trial court at the time of the ruling. *Crumpton v. State*, 179 S.W.3d 722, 724 (Tex. App.—Fort Worth 2005, pet. ref'd) (citing *Carrasco v. State*, 154 S.W.3d 127, 129 (Tex. Crim. App. 2005)).

## B. Analysis

"After a trial court has admonished a defendant, received the plea and evidence, and passed the case for pre-sentence investigation, the case has been taken under advisement." *Lawal v. State*, 368 S.W.3d 876, 882 (Tex. App.—

6

Houston [14th Dist.] 2012, no pet.) (citing *DeVary v. State*, 615 S.W.2d 739, 740

(Tex. Crim. App. 1981)).  There is no dispute that the trial court admonished

Appellant on her guilty plea, received her plea, and passed the case for a

presentence investigation before Appellant moved to withdraw her guilty plea.

Accordingly, we must review the record to determine if the trial court abused its

discretion in denying the motion.  *See DeVary*, 615 S.W.2d at 740.

Furthermore, a trial court's proper admonishment of a defendant "creates a

prima facie showing that a guilty plea was entered knowingly and voluntarily."

*Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998).  In such case, "the

burden shifts to the defendant to demonstrate that he did not fully understand the

consequences of his plea such that he suffered harm."  *Id.*

The only evidence for why the guilty plea should be withdrawn came from

the presentence investigation report.[3]  The report described an interview with

Appellant after her guilty plea.  Specifically, the report explained,

> The defendant reported she is not guilty of the offense.  The defendant
> reported the reasons she plead[ed] guilty to a presentence
> investigation is because her attorney informed her she would receive
> probation and if she went to trial, [she] and her husband would be

---

[3] Appellant also relies on a brief exchange between the trial court and her attorney during the sentencing hearing.  In that exchange the trial court asked appellant's attorney why appellant was not ready to be taken into custody that day. Appellant's attorney replied, "Well, she wasn't expecting, Judge . . . ."  Appellant argues that this statement by her attorney constituted "almost blatantly admitting he had told appellant she would receive probation on a plea of guilty."  We disagree that such a broad conclusion must be drawn from that statement.

7

tried separately, she would be found guilty because of her criminal history, sentenced to prison, and she would be taken into custody the same day. The defendant stated all she can do is what her attorney advises her and her husband.

In this case, then, we have only the unsworn assertion by Appellant that her guilty plea was based on misinformation from her attorney. Such a claim, without further corroboration, is not proof of a clear abuse of discretion by the trial court. *See Fimberg v. State*, 922 S.W.2d 205, 208 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd) (holding defendant's claim he was misinformed by counsel, standing alone, is not enough to establish plea was involuntary). Accordingly, we hold the evidence does not establish that the trial court's ruling lies outside the zone of reasonable disagreement. *See Moreno*, 90 S.W.3d at 889.

We overrule Appellant's first issue.

## Ineffective Assistance of Counsel

In her third, fourth, and fifth issues, Appellant argues she received ineffective assistance of counsel leading up to her guilty plea and that the trial court abused its discretion in overruling her motion for new trial on that ground.

## A.    Standard of Review & Applicable Law

When an ineffective assistance of counsel claim is brought in a motion for new trial, we review the trial court's denial of the motion for an abuse of discretion, reversing only if the trial court's order "was clearly erroneous and arbitrary." *Riley v. State*, 378 S.W.3d 453, 457 (Tex. Crim. App. 2012). We must

review the evidence in the light most favorable to the ruling and uphold it if it is within the zone of reasonable disagreement. *Id.* We "must show almost total deference to a trial court's findings of historical facts as well as mixed questions of law and fact that turn on an evaluation of credibility and demeanor." *Id.* at 458.

The Sixth Amendment to the United States Constitution guarantees the right to reasonably effective assistance of counsel in criminal prosecutions. *See* U.S. CONST. amend. VI. Generally, to show ineffective assistance of counsel, a defendant must demonstrate both (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S. Ct. 2052, 2064, 2068 (1984); *Andrews v. State*, 159 S.W.3d 98, 101–02 (Tex. Crim. App. 2005). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *See Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009); *Andrews*, 159 S.W.3d at 101.

"When a defendant challenges the voluntariness of a plea entered upon the advice of counsel, contending that his counsel was ineffective, 'the voluntariness of the plea depends on (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and if not, (2) whether there

is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999) (quoting *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997)).

Under either test, the defendant bears the burden to prove the elements by a preponderance of the evidence. *See id.* at 858 (holding defendant's burden is same as other types of ineffective assistance of counsel claims); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (holding defendant bears burden of proving by preponderance of evidence that counsel was ineffective). Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 813. We presume that a counsel's conduct falls within the wide range of reasonable professional assistance, and we will find a counsel's performance deficient only if the conduct is so outrageous that no competent attorney would have engaged in it. *Andrews*, 159 S.W.3d at 101.

## B.    Analysis

Appellant presents two arguments for how she received ineffective assistance of counsel. She argues her attorney (1) gave her false information about the ramifications of pleading guilty and improperly pressured her to plead guilty,

(2) failed to prepare for trial or "to subject the prosecution's case to a meaningful adversarial testing."

For her claim that her attorney gave her false information about the ramifications of pleading guilty and improperly pressured her to plead guilty, Appellant relies on evidence that is contradicted in record. Appellant testified that, until April 2012, her attorney had been encouraging her to go to trial. In April, the case was set to go to trial. Appellant alleged that her attorney had a setting on the same date for a matter in his own divorce proceeding. She testified that her attorney sought a continuance on that ground, but the trial court denied the motion. Once the trial court denied the motion, her attorney's demeanor changed and he began pushing her to plead guilty. Appellant and her husband claimed that her attorney told her the trial court definitely would give her probation if she pleaded guilty. If they went to trial, however, Appellant claimed her attorney said he would not be able to cross-examine the arresting police officer, he would be unable to prevent Appellant's prior convictions from being established, she would be found guilty, and she would be sent to jail immediately.

Appellant's attorney acknowledged that he had a setting for his divorce around the time of Appellant's April trial date. He testified, however, that the setting was one week before Appellant's trial date and would not have conflicted with his preparations for her trial. He denied telling Appellant that she definitely

would get probation, that he would not be able to cross-examine the arresting officer, that her criminal background would definitely be established, or that she would definitely be found guilty at trial. He did recall that he had conferred with the trial court and opposing counsel about cross-examining the arresting officer about a specific issue and the trial court indicated it would not allow the officer to be examined on that issue. Appellant's attorney could no longer recall what the specific issue was, but testified that he otherwise would have been able to cross-examine the arresting officer.

In addition to the above, the State established at the hearing for Appellant's motion for new trial that Appellant had previously been convicted of making a false statement, forgery, theft, credit card abuse, and injury to a child. It was the role of the trial court to weigh the evidence, resolve any conflicts in the evidence, and make credibility determinations. *See Riley*, 378 S.W.3d at 457–58. The trial court could have reasonably disbelieved Appellant's testimony and believed her attorney's testimony about what he said. Accordingly, we hold the trial court's determination is not clearly erroneous and arbitrary. *See id.* at 457.

For Appellant's claim that her attorney failed to prepare for trial, her attorney testified that he came to the courthouse—where the district attorney's office is also located—10 to 15 times. The Harris County District Attorney's office has an open file policy, and the attorney testified he reviewed the file

thoroughly. He also testified that he prepared Appellant and her husband for trial, prepared for his cross-examinations, and prepared for voir dire. He recognized that he had not subpoenaed any witnesses, filed any motions in limine or other pretrial motions, interviewed any witnesses, filed any discovery, or investigated the scene of the crime. Appellant and her husband denied that the attorney had ever prepared them for trial. They highlight Appellant's admitted inactions as proof of ineffective assistance.

Appellant's arguments of her attorney's inactions amount to a failure-to-investigate claim. "An attorney's failure to investigate or present witnesses will be a basis for establishing ineffective assistance of counsel only where it is shown that the witnesses would have been available and that the presentation of the evidence would have benefitted appellant." *Pinkston v. State*, 744 S.W.2d 329, 332 (Tex. App.—Houston [1st Dist.] 1988, no pet.) (citing *Coble v. State,* 501 S.W.2d 344, 345–46 (Tex. Crim. App. 1973)). "A claim for ineffective assistance based on trial counsel's general failure to investigate the facts of the case fails absent a showing of what the investigation would have revealed that reasonably could have changed the result of the case." *Stokes v. State*, 298 S.W.3d 428, 432 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd) (citing *Cooks v. State*, 240 S.W.3d 906, 912 (Tex. Crim. App. 2007)).

Appellant testified about what she believed certain witnesses would have revealed. The trial court could have reasonably rejected this testimony. Appellant did not otherwise offer the testimony of the witnesses that Appellant claims could have benefitted her. Nor did she offer any proof of what benefit filing pretrial motions or investigation of the scene of the crime would have yielded. Without this information, Appellant cannot support an ineffective assistance of counsel claim based on failure to investigate.

In making her argument for failure to investigate, Appellant relies at least in part on *United States v. Cronic*, 466 U.S. 648, 104 S. Ct. 2039 (1984). In *Cronic*, the Supreme Court of the United States held that "if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable." *Id.* at 659, 104 S. Ct. at 2047. If the record does not support a determination of a complete failure to subject the case to adversarial testing, however, the presumption fails and the defendant can "make out a claim of ineffective assistance only by pointing to specific errors made by trial counsel." *See id.* at 666, 104 S. Ct. at 2051.

Here, the case does not support a determination of a complete failure of Appellant's attorney to engage in the adversarial process. Appellant's attorney testified that he reviewed the district attorney's file thoroughly, prepared Appellant

14

and her husband for trial, prepared for his cross-examinations, and prepared for voir dire. Appellant and her husband testified that the attorney did not prepare them for trial. It was the trial court's responsibility to resolve this conflict in the evidence, however. *See Riley*, 378 S.W.3d at 457–58. Accordingly, we hold that the holding from *Cronic* that Appellant relies on does not apply.

We hold that the trial court did not abuse its discretion by denying Appellant's motion for new trial. We overrule Appellant's third, fourth, and fifth issues.

## Conclusion

We affirm the judgment of the trial court.


Laura Carter Higley
Justice

Panel consists of Justices Jennings, Higley, and Sharp.

Do not publish. TEX. R. APP. P. 47.2(b).