**Opinion filed June 13, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00344-CR

_____

## KODY DOUGLAS TAYLOR, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**
**Taylor County, Texas**
**Trial Court Cause No. 29310-A**

## M E M O R A N D U M   O P I N I O N

Appellant was indicted for the state jail felony offense of abuse of a corpse. *See* TEX. PENAL CODE ANN. § 42.08(a), (b) (West Supp. 2023). In addition to the elements of the charged offense, the indictment also alleges two enhancement paragraphs for the felony offenses of theft and burglary of a habitation. Appellant entered an open plea of guilty to the offense and signed a judicial confession wherein

he stated that the enhancement allegations set forth in the indictment were true. The trial court accepted his guilty plea and found both enhancement paragraphs to be true, which increased his punishment to a second-degree felony range. PENAL § 12.425(b) (West 2019). Following a punishment hearing, the trial court assessed Appellant's punishment at sixteen years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed this appeal alleging ineffective assistance of counsel. We affirm.

*Factual and Procedural Background*

Abilene Police Officer Chris Volirakis was performing a welfare check on the home of Mindy Hagan on June 30, 2020, when he noticed a foul odor coming from the home. Officer Volirakis identified the odor as one associated with a deceased person, and he called Sergeant Aron Bryan for assistance in obtaining entry into the home. After determining that Hagan was not in a local hospital, Officer Volirakis gained entry to the home and discovered that Hagan was deceased and described the scene as "upsetting." Officer Volirakis suspected foul play and involved the police department's Criminal Investigation Division (CID). Officer Volirakis testified that his suspicions were raised when he searched the vehicle parked in the yard and discovered that (1) the front passenger seat was "laid down almost flat," (2) Hagan's cell phone was in the vehicle, and (3) a sandal that matched the one on Hagan's foot was found on the floorboard of the vehicle on the passenger's side.

Appellant was interviewed by Abilene CID Detective Jeff Cowan. Detective Cowan testified that Appellant was cooperative, and although Appellant was not originally forthcoming with information, he was so "later on" and eventually provided Detective Cowan with "generally truthful" information during the interview.

Following the investigation, Appellant was indicted for the offense of abuse of a corpse. The indictment alleges that Appellant, without legal authority, knowingly carried away Hagan's human corpse. Appellant entered an open plea of guilty,[1] and was admonished by the trial court. Appellant also signed a judicial confession, and the trial court accepted the plea. Three witnesses testified at the punishment hearing: Officer Volirakis, Detective Cowan, and Pam Hagan, the deceased's mother. Appellant's trial counsel advocated for a lenient sentence, emphasizing that "this is a state jail felony offense" and that his client was cooperative and forthcoming during the investigation. The trial court announced that Appellant's actions indicated "total disregard for humanity and human dignity" through his conduct, and sentenced Appellant to sixteen years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice.

Appellant's sole issue on appeal is that his trial counsel provided ineffective assistance.

*Standard of Review*

Texas courts follow the *Strickland* two-prong test to determine if trial counsel's representation was so inadequate as to violate a defendant's Sixth Amendment right to counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984); *Hernandez v. State*, 726 S.W.2d 53, 55–56 (Tex. Crim App. 1986). First, an appellant must show that his counsel's performance was deficient; second, the appellant must show that the deficient performance prejudiced the defense. *Wiggins v. Smith*, 539 U.S. 510, 521 (2003); *Strickland*, 466 U.S. at 687. In other words, there must be a reasonable probability that the result of the trial would have been different, if not for trial counsel's errors. *Perez v. State*, 310 S.W.3d 890, 893

---

[1]Appellant, in the same hearing, pled guilty to a separate offense with a separate case number: possession of a controlled substance. This offense is not presently before us on appeal; thus, we restrict the facts in this opinion to only those details related to the abuse-of-a-corpse offense.

(Tex. Crim. App. 2010). Judicial review of an ineffective-assistance-of-counsel claim must be highly deferential to trial counsel and avoid using hindsight to evaluate counsel's actions. *Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984). There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

We review the totality of the evidence when evaluating an appellant's ineffective-assistance-of-counsel claim. *Perez*, 310 S.W.3d at 894 (citing *Strickland*, 466 U.S. at 695). An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness of counsel. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). Often, the record on direct appeal will not be sufficient to show that trial counsel's representation was so deficient and so lacking as to overcome the presumption that counsel's conduct was reasonable and professional. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). The Court of Criminal Appeals has said that "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). If trial counsel did not have an opportunity to explain his actions, we will not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). Further, "an appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong." *Id.* (citing *Strickland*, 466 U.S. at 697).

### *Analysis*

Appellant did not file a motion for new trial in this case and, consequently, no motion-for-new-trial hearing was held. Thus, Appellant's trial counsel was not given the opportunity to explain his actions to the trial court before being denounced

4

as ineffective. As such, the presumption that Appellant's original trial counsel's performance fell within the wide range of reasonable professional assistance and trial strategy will not be rebutted unless his conduct "was so outrageous that no competent attorney would have engaged in it." *Garcia*, 57 S.W.3d at 440.

Appellant alleges that trial counsel's representation was inadequate during the sentencing hearing because he only cross-examined a single witness and he only provided "six lines of closing argument." Without expounding further, Appellant vaguely complains that this amounts to "almost nothing." Appellant contends that his trial counsel failed to argue that Appellant "transferred Hagan's body from her car on a summer day and laid it reverently on her couch," securing the body by locking the residence. However, there is no evidence to support whether Appellant laid the deceased on the couch "reverently" or not, nor does Appellant make appropriate citations to the record on such details or state how an argument by trial counsel on same would assist the trial court in assessing the proper punishment following his guilty plea. Consequently, trial counsel's failure to comment on the affect with which Appellant transferred Hagan's body was not unreasonable.

Further, the amount of cross-examination or the length of a closing argument do not necessarily indicate that trial counsel's assistance was ineffective. "Cross-examination is inherently risky, and a decision not to cross-examine a witness is often the result of wisdom acquired by experience in the combat of trial." *Ex parte McFarland*, 163 S.W.3d 743, 756 (Tex. Crim. App. 2005) (citing *Coble v. State*, 501 S.W.2d 344, 346 (Tex. Crim. App. 1973)). In fact, sound trial strategy can include the decision not to attack a sympathetic witness without strong impeachment evidence. *Id.* Here, the decision to only cross-examine the detective and not to cross-examine either the responding officer or Hagan's mother could be considered sound trial strategy. There was no indication in the record that Officer Volirakis

5

spoke or interacted with Appellant. And the deceased's mother was unsurprisingly emotional during her testimony and would reasonably be considered a sympathetic witness whose cross-examination would risk engendering *further* sympathy without a probability of providing significant assistance in the defense of Appellant.

Appellant also alleges that the length of trial counsel's closing argument was evidence of ineffective assistance. Appellant provides no legal support that a shorter argument necessarily indicates ineffective assistance or that the length of the argument here was so outrageous that no other attorney would have done the same. Appellant merely claims that because he has no history of violent criminal acts, the sixteen-year sentence must be a product of deficient representation. Appellant ignores that during sentencing, the trial court noted that Appellant had previously been convicted of five separate crimes and that seven criminal cases were pending against him. Further, Appellant entered an open plea of guilty to the offense, and Appellant had—and in his argument before us provides—no excuses or mitigating circumstances to that offense, nor does Appellant provide a specific closing argument that his trial counsel could or should have employed. Nevertheless, Appellant's trial counsel argued for leniency and advocated a lesser sentence correlating with the level of the offense—a state jail felony versus the enhanced punishment range. Thus, the only specific complaint Appellant has is that trial counsel should have been more loquacious in his advocacy. We are not persuaded by this argument.

Trial counsel's cross-examination and closing argument are inherently matters of trial strategy. Based on our review of the record, and without evidence in the record as to why trial counsel took—or did not take—particular actions, we cannot conclude that his performance fell below an objective standard of

reasonableness.  *See Rylander*, 101 S.W.3d at 111.  Thus, Appellant has failed to meet the first prong of *Strickland*.  We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


W. BRUCE WILLIAMS

JUSTICE


June 13, 2024

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.